**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AUG 21 2026 PM2:35
FILED - USDC - FLMD - TPA

DAVID D BATTLE JR.

Petitioner,

V.

TAMPA GENERAL HOSPITAL / FLORIDA HEALTH SCIENCES CENTER, INC., as successor to BRAVERA HEALTH; HERNANDO COUNTY EMERGENCY PHYSICIANS; PROFESSIONAL ACCOUNT SERVICES, INC.; MERCHANTS CREDIT GUIDE COMPANY; LOTANE & ASSOCIATES, P.A; TROY R. LOTANE; JUDGE KURT E. HITZEMANN, individually and in his official capacity; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC

Respondents

CASE NO. 8:26-cv-2454-KKM-SPF

**BILL IN EQUITY AND FORMAL COMPLAINT**

**Petitioner Requests Trial by the Court Sitting in Equity; Rights to Trial by Jury on Legal Claims Expressly Reserved**

## I. NATURE OF ACTION

1. Petitioner, DAVID D. BATTLE JR, brings this action against Respondents for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.; the civil rights statutes, 42 U.S.C. § 1983 and 18 U.S.C. §§ 241, 242; the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 et seq.;

NP

Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 et seq; and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964. Petitioner further invokes the equitable jurisdiction of this Court and seeks injunctive and declaratory relief, as well as relief under the Hobbs Act, 18 U.S.C. § 1951, defamation doctrine, and the common law of unjust enrichment.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), 15 U.S.C. § 1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA), the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 et seq., and 18 U.S.C. § 1964(c) (RICO).

3. Supplemental jurisdiction over state law claims exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as all events giving rise to the claims occurred within this district, all Respondents conducted collection activity directed at Petitioner within this district, and Petitioner resides in this district.

5. This Court's jurisdiction is not barred by the Rooker-Feldman doctrine. Rooker-Feldman applies only to cases brought by state court losers complaining of injuries caused by state court judgments. It does not bar independent federal claims that arise from the parties' conduct before, during, and after state court proceedings. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280,

284 (2005). Petitioner does not seek appellate review of the state court judgment on its merits. Petitioner asserts independent federal statutory and constitutional claims under 15 U.S.C. § 1692 et seq., 15 U.S.C. § 1681 et seq., 42 U.S.C. § 1983, and 18 U.S.C. § 1964 arising from Respondents' conduct that would be actionable regardless of the state court outcome. These claims are independent of the state court judgment and fall outside the narrow scope of Rooker-Feldman. Nicholson v. Shafe, 558 F.3d 1266 (11th Cir. 2009). Petitioner is simultaneously pursuing injunctive relief prohibiting enforcement of orders and judgments entered without evidentiary support and in violation of Petitioner's constitutional rights.

## III. PARTIES

6. Petitioner, DAVID D. BATTLE, JR., is a private man domiciled at Brooksville, Florida [34601]. At all relevant times, Petitioner acted in a private, non-commercial capacity.

7. Respondent TAMPA GENERAL HOSPITAL / FLORIDA HEALTH SCIENCES CENTER, INC., One Tampa General Circle, Tampa, FL 33606, is the successor entity to Bravera Health through acquisition and is responsible for the acts and omissions of Bravera Health in connection with the medical billing and collection activities at issue herein. Tampa General Hospital is a 'furnisher of information' as defined by 15 U.S.C. § 1681s-2.

8. Respondent HERNANDO COUNTY EMERGENCY PHYSICIANS at 298 S Yonge Street, Ormond Beach, FL 32174, is a medical services provider that

billed Petitioner for emergency services and whose collection activity is subject to the FDCPA to the extent collection was referred to third-party collectors. Hernando County Emergency Physicians is a 'furnisher of information' as defined by 15 U.S.C. § 1681s-2.

9. Respondent PROFESSIONAL ACCOUNT SERVICES, INC. ('PASI') at 4000 Meridian Blvd., PASI, 1st Floor, Franklin, TN 37067, registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301, is a debt collection company engaged in the collection of consumer debts on behalf of others and is a 'debt collector' as defined by 15 U.S.C. § 1692a(6).

10. Respondent MERCHANTS CREDIT GUIDE COMPANY at 209 S LaSalle St, Suite 900, Chicago, IL 60604, registered agent NRAI Services, Inc., 1200 South Pine Island Road, Plantation, FL 33324, is a debt collection company engaged in the collection of consumer debts on behalf of others and is a 'debt collector' as defined by 15 U.S.C. § 1692a(6).

11. Respondent LOTANE & ASSOCIATES at 1980 Michigan Avenue, Cocoa, Florida 32922, is an attorney who filed and prosecuted the underlying debt collection action in state court case number 23000839CCAXMX. To the extent Lotane engaged in consumer debt collection in connection with filing and prosecuting this action, Lotane is a 'debt collector' as defined by 15 U.S.C. § 1692a(6).

12. Respondent TROY R. LOTANE., Florida Bar No. 163015, is an attorney and upon information and belief a principal of Respondent Ras LaVrar, LLC, who

signed or authorized filings directed at Petitioner in connection with case number 24003778SCAXMX. Under Heintz v. Jenkins, 514 U.S. 291 (1995), Respondent LaVrar is individually subject to FDCPA liability for each communication and filing made in connection with collection of the alleged debt.

13. Respondent JUDGE KURT E. HITZEMANN is sued individually and in his official capacity as a judicial officer in Hernando County, Florida. He is named as a Respondent solely for acts taken in the complete absence of jurisdiction and for non-judicial administrative conduct constituting deprivation of rights under color of law.

14. Respondent EQUIFAX INFORMATION SERVICES, LLC ('Equifax') is headquartered in Georgia and does business in Florida through its registered agent. Equifax is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f).

15. Respondent EXPERIAN INFORMATION SOLUTIONS, INC. ('Experian') is headquartered in California and does business in Florida through its registered agent. Experian is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f).

16. Respondent TRANS UNION LLC ('TransUnion') is headquartered in Illinois and does business in Florida through its registered agent. TransUnion is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f).

17. Each Respondent acted as an agent, alter ego, affiliate, co-conspirator, or joint venturer of the others, and each is jointly and severally liable for the acts, omissions, and damages alleged herein.

## IV. STATEMENT OF FACTS

### A. Collection Action Without Standing, Evidence, or Adequate Process

18. Respondent Lotane & Associates and its individual attorneys of record filed a debt collection lawsuit against Petitioner in Hernando County Court, case number 23000839CCAXMX, on behalf of Respondents Tampa General Hospital / Bravera Health and Hernando County Emergency Physicians, to collect alleged medical service debts.

19. At no point during the underlying proceedings did Lotane & Associates and its individual attorneys of record produce verified documentation establishing the chain of assignment from the original healthcare providers to any collection entity, board-authorized agency documentation, or authenticated accounting establishing the basis for the amounts claimed, as required by Florida Statute § 607.0801.

20. Respondent Lotane & Associates and its individual attorneys of record obtained a Summary Judgment of $9,832.97 plus fees against Petitioner on December 7, 2023, as communicated to Petitioner by letter dated December 7, 2023.

21. Petitioner raised constitutional and jurisdictional defenses including lack of standing and absence of evidentiary basis before Judge Hitzemann. All such challenges were denied without hearing and without substantive engagement

with the arguments raised, mirroring the identical pattern in case numbers 24003778SCAXMX and 272023CC000139CCAXMX.

22. Bravera Health, Hernando County Emergency Physicians, Professional Account Services, Inc., Merchants Credit Guide Company, and Lotane & Associates, P.A. cannot simultaneously hold collection rights to the same alleged debt. A contractual obligation has only one legal owner at any given time. A medical debt obligation can only be collected by the original provider or an entity holding a documented and authenticated assignment from that provider establishing the right to collect. Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992).

23. Notwithstanding the complete absence of evidence and unresolved jurisdictional defects, judgment was entered in favor of Bravera Health. A judgment entered without evidentiary support and without verified standing violates Petitioner's rights to due process under the Fifth and Fourteenth Amendments.

**B. FDCPA Violations by Collection Respondents**

24. Respondents PASI, Merchants Credit Guide Company, and Lotane and its individual attorneys of record each communicated with Petitioner in connection with collection of the alleged medical debts and are 'debt collectors' within the meaning of 15 U.S.C. § 1692a(6).

25. Professional Account Services, Inc. sent Petitioner the following written communications: a letter dated June 28, 2022 claiming Petitioner owed

$5,314.46, crediting $4,714.46, and demanding $600; a letter dated December 2, 2022 claiming Petitioner owed $32,822.67, crediting $23,960.55, and demanding $8,862.12; and a letter dated March 10, 2023 demanding $9,462.12 and threatening legal action. The dramatic fluctuations in claimed amounts ranging from $600 to $32,822 across the same debt without accounting or explanation constitute false representations regarding the amount of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

26. Bravera Health sent Petitioner the following written communications: a letter dated March 1, 2022 requesting $600; a letter dated May 31, 2022 marked Final Notice requesting $600; a letter dated July 27, 2022 requesting $8,862.12; and a letter dated September 28, 2022 requesting $8,862.12. The escalation from $600 to $8,862 between May and July 2022 without explanation or accounting constitutes a false representation regarding the amount of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

27. Hernando County Emergency Physicians sent Petitioner a letter dated October 3, 2022 marked Final Notice requesting $1,667, and a letter dated December 2, 2022, in connection with the alleged medical debt.

28. Merchants Credit Guide Company sent Petitioner the following written communications: a letter dated February 2, 2023 requesting $1,667 and acknowledging Petitioner's validation request; a letter dated December 15, 2023 requesting $1,667 and acknowledging Petitioner's identity theft filing with the CRAs; a letter dated January 26, 2024 requesting $1,667 and acknowledging

Petitioner's identity theft filing; and a letter dated March 20, 2024 requesting $1,667 and acknowledging Petitioner's identity theft filing. Merchants continued collection activity after receiving actual notice of Petitioner's identity theft reports, in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1681c-2.

29. By instituting and pursuing litigation on an unverified, unauthenticated medical debt without chain of title and with dramatically fluctuating claimed amounts, Respondents made false representations concerning the character and legal status of the alleged debt in violation of 15 U.S.C. § 1692e, and used unfair and unconscionable means to collect in violation of 15 U.S.C. § 1692f.

30. Petitioner previously filed complaints with the Consumer Financial Protection Bureau regarding the collection conduct and credit reporting violations at issue herein. Respondents received notice of those complaints through the CFPB's complaint portal and denied the allegations. Respondents' continued conduct following formal regulatory notice evidences willful disregard for their statutory obligations and supports the award of punitive damages.

31. As a direct result of Respondents' collection activity and the threats of legal action communicated in PASI's letter dated March 10, 2023 and Lotane & Associates' subsequent lawsuit, a family member declined to transfer ownership of real property to Petitioner. A sworn declaration from the family member is attached hereto as an exhibit and incorporated by reference. This constitutes actual damages proximately caused by Respondents' unlawful collection conduct.

**C. FCRA Violations — Inaccurate Credit Reporting**

32. Merchants Credit Guide Company furnished negative information to TransUnion, Equifax, and Experian regarding the alleged Hernando County Emergency Physicians debt in the amount of $1,667. The tradeline appeared on the March 8, 2024 Experian report showing reporting from October 2023 to February 2024, with no high balance reported, constituting an inaccuracy under 15 U.S.C. § 1681e(b).

33. The Merchants Credit Guide tradeline appearing on the February 17, 2024 credit report was reported with minimal data and was verified as accurate by the CRA without conducting a reasonable reinvestigation as required by 15 U.S.C. § 1681i and Johnson v. MBNA America Bank, N.A., 357 F.3d 426 (4th Cir. 2004).

34. Petitioner disputed the Merchants Credit Guide tradeline. The tradeline states that it was created in November 2022, but the payment grid starts in October 2023. The account was deleted on the March 28, 2024 report, confirming the information was inaccurate and unverifiable. Each CRA's reporting of unverified negative medical debt information prior to deletion, and each CRA's failure to block reinsertion following receipt of Petitioner's identity theft reports, constitutes a violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681c-2.

35. Merchants Credit Guide Company acknowledged receipt of Petitioner's identity theft filing with the CRAs in letters dated December 15, 2023, January 26, 2024,

and March 20, 2024. Despite this acknowledgment, Merchants continued collection activity and the CRAs continued reporting, in violation of 15 U.S.C. § 1681s-2 and 15 U.S.C. § 1681c-2.

36. Petitioner maintained active security freezes on all three credit reports and affirmatively opted out of all prescreened offers and third-party access. Notwithstanding those freezes, an unauthorized inquiry from Professional Account Services, Inc. appeared on Petitioner's Equifax report on December 22, 2022, without Petitioner's knowledge or consent. Each unauthorized inquiry made by collection Respondents or their agents through frozen reports constitutes a willful violation of 15 U.S.C. § 1681b and willful noncompliance under 15 U.S.C. § 1681n.

37. During the period in which the Merchants Credit Guide tradeline actively reported on Petitioner's consumer credit reports, from approximately October 2023 through March 28, 2024, the inaccurate negative medical debt information constituted a derogatory entry on Petitioner's consumer credit profile causing damage to Petitioner's creditworthiness. Petitioner suffered actual damages in the form of reputational harm, emotional distress, time and expense incurred in disputing the inaccurate information, and impaired access to credit during the reporting period, all proximately caused by Respondents' violations of 15 U.S.C. § 1681e(b), 15 U.S.C. § 1681i, and 15 U.S.C. § 1681c-2.

**D. Judicial Misconduct and Civil Rights Violations — Judge Kurt E. Hitzemann**

38. Judge Kurt E. Hitzemann presided over case number 23000839CCAXMX and engaged in a pattern of conduct reflecting judicial bias, procedural misconduct, and willful deprivation of Petitioner's constitutional rights that mirrors the identical pattern in case numbers 24003778SCAXMX and 272023CC000139CCAXMX.

39. Judge Hitzemann denied Petitioner's Motions to Strike, which raised valid and unrebutted jurisdictional defects including lack of standing, failure to demonstrate board-authorized agency, without conducting a hearing or meaningfully addressing the substance of the jurisdictional challenges.

40. Judge Hitzemann denied Petitioner's Motion to Disqualify as legally insufficient despite well-supported grounds including judicial bias, due process violations, and structural conflict arising from shared Florida Bar membership. Under Miranda v. Arizona, 384 U.S. 436, 491 (1966), procedural labels cannot be used to abrogate rights secured by the Constitution. Under MacKenzie v. Super Kids Bargain Store, Inc., 565 So. 2d 1332 (Fla. 4th DCA 1990), the facts alleged need only show a well-grounded fear that the movant will not receive a fair trial at the hands of the judge. As established in Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009), due process requires disqualification where there is a serious risk of actual bias.

41. Judge Hitzemann denied Petitioner's Motion to Vacate despite the judgment having been entered without evidentiary support and without resolution of

Petitioner's standing and authorization challenges, depriving Petitioner of due process under the Fifth and Fourteenth Amendments.

42. The identical pattern of denial across case numbers 23000839CCAXMX, 24003778SCAXMX, and 272023CC000139CCAXMX, covering motions to strike, disqualify, and vacate across cases involving different law firms, demonstrates a systemic pattern of advancing plaintiffs' unverified claims while suppressing Petitioner's constitutional defenses, constituting a conspiracy against rights actionable under 18 U.S.C. § 241 and 42 U.S.C. § 1983.

43. The use of judicial authority to enforce an unverified collection judgment without adequate evidentiary support implicates 18 U.S.C. § 1951 under the color of official right prong of the Hobbs Act. The cumulative conduct across three cases constitutes a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961 et seq.

44. Petitioner has made good faith efforts to obtain the surety bond information for Judge Hitzemann, including written requests to the Florida Department of State and to Judge Hitzemann's office directly. The Florida Department of State declined to produce bond information but provided a copy of Judge Hitzemann's oath of office, which is attached as an exhibit. Judge Hitzemann's office declined to produce the bond information. Petitioner was unable to identify the surety company holding the bond or the bond number through any available public records channel.

**E. Coercion And Lack Of Consideration**

45. Petitioner was presented with financial documents by Bravera Health as a condition of receiving emergency medical treatment. Petitioner was required to sign financial agreements and provide credit card information before being seen by medical personnel, despite presenting with a condition requiring emergency care. Petitioner had no meaningful ability to negotiate the terms of any financial agreement, no opportunity to review the agreement with counsel, and no alternative means of obtaining necessary medical treatment. Any financial agreement signed under these circumstances was signed under economic duress and conditions of unequal bargaining power rendering it voidable and potentially unconscionable under Florida law.

46. The treatment provided by Bravera Health did not resolve Petitioner's presenting condition. Petitioner was discharged without a diagnosis and without further intervention, the same condition for which Petitioner sought emergency care remaining unresolved at the time of discharge. Petitioner was discharged without a diagnosis and without further intervention, the same condition for which Petitioner sought emergency care remaining unresolved at the time of discharge.

47. Tampa General Hospital / Florida Health Sciences Center, Inc. is organized as a tax-exempt nonprofit organization under 26 U.S.C. § 501(c)(3) and is therefore subject to the financial assistance and extraordinary collection action requirements of 26 U.S.C. § 501(r).

48. When Petitioner inquired about financial assistance and charity care programs upon receiving collection letters, Petitioner was informed by Bravera Health that it was "too late" to apply for financial assistance. This response constitutes a failure to comply with the financial assistance notification requirements of 26 U.S.C. § 501(r)(4) and (r)(6), which require tax-exempt hospitals to widely publicize their financial assistance policies and to make reasonable efforts to determine eligibility before initiating collection action. Petitioner was never presented with a financial assistance policy at the time of treatment, in violation of § 501(r)(4)(B).

49. Petitioner does not dispute that some services were rendered. Petitioner disputes the amounts claimed, the validity of any financial agreement procured under duress, the standing of any collection entity to collect on the alleged obligation, and the accuracy of any amounts reported to consumer reporting agencies, each of which remains unsubstantiated by authenticated documentation.

50. The alleged medical obligations at issue in the underlying collection action consist of three separate bills arising from a single visit: a facility fee from Bravera Health of $600; a hospital services bill from Bravera Health of $8,862; and a separate physician professional fee from Hernando County Emergency Physicians of $1,667. The lawsuit filed by Respondent Lotane & Associates and its individual attorneys of record in case number 23000839CCAXMX encompassed the $600 and $8,862 Bravera obligations. The HCEP physician fee of $1,667 was pursued separately through Merchants Credit Guide

Company. The separation of these obligations into multiple collection streams directed to different collectors without documented chain of evidence for each transfer is itself evidence that no collector can establish authenticated ownership of any individual obligation.

## V. CAUSES OF ACTION

**COUNT I — VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692 et seq. (Against Respondents Professional Account Services, Inc.; Merchants Credit Guide Company; LOTANE & ASSOCIATES, P.A; Troy R. Lotane)**

51. Petitioner re-alleges paragraphs 1 through 50 as if fully set forth herein.

52. Respondents are each 'debt collectors' within the meaning of 15 U.S.C. § 1692a(6).

53. Respondent LOTANE & ASSOCIATES is a law firm that identified itself as a debt collector in its written communications to Petitioner while simultaneously acting as legal counsel for Bravera Health in the underlying collection proceeding. Under Heintz v. Jenkins, 514 U.S. 291 (1995), attorneys who regularly engage in consumer debt collection are "debt collectors" subject to the full requirements of the FDCPA regardless of whether they are acting in their litigation capacity. Respondent's dual role as collection attorney and debt collector subjects it to personal liability under the FDCPA for each communication made in connection with collection of the alleged debt.

54. Respondents violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Petitioner, including repeated written contact across multiple entities and escalating threatened legal action on an unvalidated alleged debt.

55. Respondents PASI and Bravera Health / Tampa General violated 15 U.S.C. § 1692e(2)(A) by making false representations regarding the amount of the alleged debt, with claimed amounts fluctuating from $600 to $32,822 without accounting or explanation.

56. Respondents violated 15 U.S.C. § 1692e by making representations concerning the alleged debt without verified standing, board-authorized agency, or authenticated accounting, constituting false and misleading representations regarding the character and legal status of the alleged debt.

57. Respondents violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the alleged debt, including instituting litigation without chain of title and obtaining summary judgment without authenticated evidentiary support.

58. Respondent Merchants Credit Guide Company violated 15 U.S.C. § 1692e by continuing collection activity after receiving actual notice of Petitioner's identity theft reports in December 2023, January 2024, and March 2024.

59. WHEREFORE, Petitioner seeks actual damages, statutory damages of $1,000.00 per violation per Respondent, declaratory and injunctive relief, and attorneys' fees and costs pursuant to 15 U.S.C. § 1692k.

**COUNT II — VIOLATIONS OF THE FCRA BY FURNISHERS, 15 U.S.C. § 1681s-2 (Against Respondents Tampa General Hospital / Florida Health Sciences Center, Inc.; Hernando County Emergency Physicians; Merchants Credit Guide Company)**

60. Petitioner re-alleges paragraphs 1 through 50 as if fully set forth herein.

61. Each Furnisher Respondent is a 'furnisher of information' within the meaning of 15 U.S.C. § 1681s-2 and owes duties to Petitioner to furnish accurate information and to conduct reasonable investigations of disputed information.

62. Merchants Credit Guide Company furnished the Hernando County Emergency Physicians debt of $1,667 to the consumer reporting agencies without a high balance reported and continued furnishing this information after receiving actual notice of Petitioner's identity theft reports, in violation of 15 U.S.C. § 1681s-2(a) and 15 U.S.C. § 1681c-2.

63. Each Furnisher Respondent failed to conduct a reasonable reinvestigation following Petitioner's disputes and identity theft reports, in violation of 15 U.S.C. § 1681s-2(b) and the standard established in Johnson v. MBNA America Bank, N.A., 357 F.3d 426 (4th Cir. 2004).

64. The deletion of the Merchants Credit Guide tradeline following dispute confirms the information was inaccurate and unverifiable at the time it was furnished.

65. WHEREFORE, Petitioner respectfully requests that this Court enter judgment against Respondents Tampa General Hospital / Florida Health Sciences Center, Inc., Hernando County Emergency Physicians, and Merchants Credit Guide Company, and award Petitioner actual damages, statutory damages pursuant to 15 U.S.C. § 1681n, punitive damages for willful noncompliance, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

**COUNT III — VIOLATIONS OF THE FCRA BY CONSUMER REPORTING AGENCIES, 15 U.S.C. § 1681i (Against Respondents TransUnion, LLC; Equifax Information Services, LLC; Experian Information Solutions, Inc.)**

66. Petitioner re-alleges paragraphs 1 through 50 as if fully set forth herein.

67. Each CRA Respondent is a 'consumer reporting agency' within the meaning of 15 U.S.C. § 1681a(f).

68. Following receipt of Petitioner's disputes and disputes submitted by authorized third parties acting on Petitioner's behalf, each CRA was required to conduct a reasonable reinvestigation of the disputed information within thirty days pursuant to 15 U.S.C. § 1681i(a).

69. Each CRA failed to conduct a reasonable reinvestigation and failed to block reinsertion of information following receipt of Petitioner's identity theft reports, in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681c-2, and in direct contravention of Johnson v. MBNA America Bank, N.A., 357 F.3d 426 (4th Cir. 2004).

70. WHEREFORE, Petitioner respectfully requests that this Court enter judgment against Respondents TransUnion, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc., and award Petitioner actual damages, statutory damages pursuant to 15 U.S.C. § 1681n, punitive damages for willful noncompliance, an order compelling deletion of all inaccurate and unverified information, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

**COUNT IV — CIVIL RIGHTS VIOLATIONS, 42 U.S.C. § 1983 AND 18 U.S.C. § 242 (Against Respondent Judge Kurt E. Hitzemann)**

71. Petitioner re-alleges paragraphs 1 through 50 as if fully set forth herein.

72. Judge Hitzemann acted under color of state law at all times relevant to this complaint.

73. Judge Hitzemann took an oath of office to faithfully perform his duties as a judicial officer, a copy of which was produced by the Florida Department of State and is attached as an exhibit. The systematic denial of Petitioner's constitutional defenses without hearing across three separate cases constitutes a breach of the obligations undertaken in that oath, and evidence of conduct taken outside the scope of the judicial authority conferred by that oath.

74. By continuing to administer case number 23000839CCAXMX after Petitioner raised unresolved jurisdictional defects and by denying every constitutional defense without hearing or substantive engagement, Judge Hitzemann acted in

the complete absence of jurisdiction, removing the protection of judicial immunity under Mireles v. Waco, 502 U.S. 9 (1991).

75. Judge Hitzemann's systematic denial of Petitioner's motions to strike, disqualify, and vacate across three cases constitutes willful deprivation of Petitioner's rights to due process, equal protection, and an impartial tribunal secured by the Fifth and Fourteenth Amendments to the United States Constitution.

76. Judge Hitzemann's conduct violated Canon 2A and Canon 3B of the Florida Code of Judicial Conduct by failing to maintain impartiality, failing to require standing, and advancing one party's claims while suppressing the opposing party's constitutional defenses.

77. These acts constitute deprivation of rights under color of law in violation of 42 U.S.C. § 1983 and 18 U.S.C. § 242, for which Petitioner seeks declaratory relief, injunctive relief, and damages.

78. WHEREFORE, Petitioner respectfully requests that this Court enter judgment against Respondent Judge Kurt E. Hitzemann, and award Petitioner actual damages, declaratory relief that Respondent's conduct violated Petitioner's constitutional rights under the Fifth and Fourteenth Amendments, injunctive relief prohibiting enforcement of orders and judgments entered without evidentiary support and in violation of Petitioner's constitutional rights, and such further relief as the Court deems just and proper.

**COUNT V — CONSPIRACY AGAINST RIGHTS, 18 U.S.C. § 241 (Against All Respondents)**

79. Petitioner re-alleges paragraphs 1 through 50 as if fully set forth herein.

80. The identical pattern of conduct across three separate debt collection cases involving different law firms and collection entities but the same judge, the same denial of every constitutional defense, and the same outcome absent any evidentiary basis, reflects a conspiracy among two or more persons to deprive Petitioner of rights secured by the Constitution and laws of the United States.

81. Specifically, the pattern demonstrates coordination to: advance unverified collection claims through state court proceedings; suppress legitimate jurisdictional and constitutional challenges through systematic denial; and use judicial authority to enforce collection judgments that could not survive constitutional scrutiny.

82. Such coordinated conduct, carried out by state and non-state actors working in concert to deprive Petitioner of due process and equal protection, constitutes conspiracy against rights in violation of 18 U.S.C. § 241 and 42 U.S.C. § 1983.

83. WHEREFORE, Petitioner respectfully requests that this Court enter judgment against all Respondents, and award Petitioner actual damages, punitive damages, declaratory relief that Respondents conspired to deprive Petitioner of federally secured rights, and such further relief as the Court deems just and proper.

**COUNT VI — RICO VIOLATIONS, 18 U.S.C. §§ 1962 & 1964 (Against Respondents Tampa General Hospital / Florida Health Sciences Center, Inc.;**

**Professional Account Services, Inc.; Merchants Credit Guide Company; Lotane & Associates, P.A; Troy R. Lotane)**

84. Petitioner re-alleges paragraphs 1 through 50 as if fully set forth herein.

85. Respondents constitute an 'enterprise' within the meaning of 18 U.S.C. § 1961(4), operating as an association-in-fact engaged in a pattern of racketeering activity directed at Petitioner and, upon information and belief, other similarly situated consumers.

86. The enterprise's pattern of racketeering activity includes the following predicate acts under 18 U.S.C. § 1341 (mail fraud):

a. The mailing of collection letters by PASI claiming amounts ranging from $600 to $32,822 on the same alleged obligation without accounting or explanation, constituting false representations transmitted through the United States Mail;

b. The mailing of collection letters by Merchants Credit Guide after receiving actual notice of Petitioner's identity theft reports, constituting false representations regarding the validity of the alleged debt transmitted through the United States Mail;

c. The institution of a lawsuit by Lotane and the procurement of a summary judgment of $9,832.97 through mail and wire communications used to advance claims without verified standing or authenticated accounting.

87. The pattern of racketeering activity has continued from at least June 2022 through March 2024 across multiple collection entities pursuing the same

alleged obligations, satisfying the continuity requirement under H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989).

88. As a direct and proximate result of the RICO violations, Petitioner has suffered injury to business and property entitling Petitioner to treble damages, attorney's fees, and costs pursuant to 18 U.S.C. § 1964(c).

89. WHEREFORE, Petitioner respectfully requests that this Court enter judgment against Respondents Tampa General Hospital / Florida Health Sciences Center, Inc., Professional Account Services, Inc., Merchants Credit Guide Company, and Troy R. Lotane, and award Petitioner treble damages pursuant to 18 U.S.C. § 1964(c), injunctive relief dissolving the collection enterprise as it pertains to Petitioner's alleged debt, and reasonable attorney's fees and costs pursuant to 18 U.S.C. § 1964(c).

**COUNT VII — HOBBS ACT VIOLATIONS, 18 U.S.C. § 1951 (Against Respondent Judge Kurt E. Hitzemann and Collection Respondents)**

90. Petitioner re-alleges paragraphs 1 through 50 as if fully set forth herein.

91. The Hobbs Act prohibits extortion 'under color of official right,' meaning the use of the authority of a public office to obtain property to which the official is not entitled.

92. Judge Hitzemann's use of judicial authority to enter and enforce a summary judgment of $9,832.97 obtained without verified standing and without resolution of Petitioner's constitutional defenses constitutes the obtaining of

property from Petitioner under color of official right in violation of 18 U.S.C. § 1951.

93. The collection Respondents' use of the court system as a mechanism to coerce payment of unverified medical debts through false representations and fluctuating amounts constitutes extortionate conduct within the meaning of 18 U.S.C. § 1951.

94. WHEREFORE, Petitioner respectfully requests that this Court enter judgment against Respondent Judge Kurt E. Hitzemann and the collection Respondents, and award Petitioner actual damages, punitive damages, declaratory relief that Respondents' conduct constituted extortion under color of official right, and such further relief as the Court deems just and proper.

**COUNT VIII — DEFAMATION PER SE (Against Respondents Tampa General Hospital / Florida Health Sciences Center, Inc.; Hernando County Emergency Physicians; Merchants Credit Guide Company; TransUnion, LLC; Equifax Information Services, LLC; Experian Information Solutions, Inc.)**

95. Petitioner re-alleges paragraphs 1 through 50 as if fully set forth herein.

96. Respondents published materially false and unverified negative credit information to third-party creditors, employers, and counterparties knowing Petitioner had disputed its accuracy and filed identity theft reports, without conducting verification, and in the absence of authenticated documentation supporting the reported information. Such publications directly impute

financial irresponsibility and dishonesty to Petitioner and constitute defamation per se under Florida common law, impairing Petitioner's ability to conduct business and participate in the economy.

97. As a direct result, Petitioner suffered damage to creditworthiness, denial of access to financing, reputational harm, and loss of economic opportunity, for which Petitioner seeks actual and punitive damages.

98. WHEREFORE, Petitioner respectfully requests that this Court enter judgment against the named Respondents, and award Petitioner actual damages, punitive damages for willful publication of false information, and an order compelling immediate correction and deletion of all defamatory reporting, and such further relief as the Court deems just and proper.

**COUNT IX — UNJUST ENRICHMENT AND EQUITABLE RESCISSION (Against Respondents Tampa General Hospital / Florida Health Sciences Center, Inc.; Lotane & Associates, P.A; Troy R. Lotane)**

99. Petitioner re-alleges paragraphs 1 through 50 as if fully set forth herein.

100. To the extent any obligation exists or existed between Petitioner and Bravera Health / Tampa General Hospital or Hernando County Emergency Physicians, those obligations have not been authenticated, verified, or supported by chain of title and authenticated accounting establishing the basis for the amounts claimed.

101. The entry of summary judgment of $9,832.97 and any enforcement thereof without verified standing, without authenticated accounting, and without

resolution of Petitioner's constitutional defenses constitutes unjust enrichment at Petitioner's expense.

102. In equity, Petitioner seeks rescission of any collection obligation arising from unverified claims, disgorgement of any amounts collected or enforced through the summary judgment, and restoration to the position Petitioner would have occupied absent Respondents' unlawful conduct.

103. WHEREFORE, Petitioner respectfully requests that this Court enter judgment against Respondents Tampa General Hospital / Florida Health Sciences Center, Inc. and Troy R. Lotane, order rescission of any collection obligation arising from unverified claims, order disgorgement of any amounts collected or enforced through the summary judgment, and restore Petitioner to the position he would have occupied absent Respondents' unlawful conduct.

**COUNT X — VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, Fla. Stat. § 559.55 et seq. (Against Respondents LOTANE & ASSOCIATES, P.A; Tampa General Hospital / Florida Health Sciences Center, Inc.; Hernando County Emergency Physicians; Professional Account Services; Merchants Credit Guide Company)**

104. Petitioner re-alleges paragraphs 1 through 50 as if fully set forth herein.

105. Respondents are "debt collectors" as defined by Fla. Stat. § 559.55(7) and are subject to the Florida Consumer Collection Practices Act at all times relevant to this complaint.

106. Respondents violated Fla. Stat. § 559.72(7) by willfully communicating with Petitioner with such frequency as to harass Petitioner, including multiple written contacts across coordinated entities pursuing the same unvalidated alleged debt simultaneously without chain of title or proof of ownership.

107. Respondents violated Fla. Stat. § 559.72(9) by asserting the existence of a legal right to collect an alleged debt when such right does not exist in law or in fact, specifically by pursuing collection without verified chain of title, board-authorized agency, or authenticated proof of ownership of the alleged obligation.

108. Respondent Merchants Credit Guide Company violated Fla. Stat. § 559.72(9) by continuing collection activity after receiving actual notice of Petitioner's identity theft reports in December 2023, January 2024, and March 2024, asserting a right to collect that did not exist in fact.

109. WHEREFORE, Petitioner respectfully requests that this Court enter judgment against Respondents and award Petitioner actual damages, statutory damages pursuant to Fla. Stat. § 559.77(2), punitive damages for willful violations, injunctive relief prohibiting further collection activity on the unvalidated alleged debt, and reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

**<u>COUNT XI — VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, Fla. Stat. § 501.201 et seq. (Against Respondents LOTANE & ASSOCIATES, P.A; Tampa General Hospital / Florida Health</u>**

**<u>Sciences Center, Inc.; Hernando County Emergency Physicians; Professional Account Services; Merchants Credit Guide Company)</u>**

110. Petitioner re-alleges paragraphs 1 through 50 as if fully set forth herein.

111. At all relevant times, Respondents were engaged in trade or commerce within the State of Florida within the meaning of Fla. Stat. § 501.203(8).

112. Respondents engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Fla. Stat. § 501.204, including:

a. Pursuing collection of an alleged debt through multiple coordinated entities simultaneously, none of whom produced chain of title, assignment documentation, or authenticated proof of ownership, creating a false impression that the alleged debt was validly owed and legally collectible;

b. Providing only billing statements in response to debt validation requests while simultaneously asserting the right to collect and institute legal proceedings, constituting a deceptive practice in the consumer marketplace;

c. Furnishing materially inaccurate information to consumer reporting agencies including balances exceeding credit limits, inconsistent account closure dates, and balance increases on closed accounts, creating a false impression of Petitioner's financial status and obligations;

d. Representing amounts owed ranging from $600 to $32,822 on the same alleged obligation within a six-month period without accounting or

explanation, constituting deceptive representations regarding the amount of the alleged debt.

113. Instituting legal proceedings against Petitioner without complying with the extraordinary collection action requirements of 26 U.S.C. § 501(r), which requires tax-exempt hospital organizations to make reasonable efforts to determine financial assistance eligibility and provide written notice before filing suit, constituting an unfair practice under Fla. Stat. § 501.204;

114. As a direct and proximate result of Respondents' unfair and deceptive acts and practices, Petitioner has suffered actual damages including loss of real property transfer opportunity, reputational harm, and financial hardship in amounts to be determined at trial.

115. WHEREFORE, Petitioner respectfully requests that this Court enter judgment against Respondents for violations of Fla. Stat. § 501.204, award Petitioner actual damages, and award reasonable attorney's fees and costs to Petitioner as the prevailing party pursuant to Fla. Stat. § 501.2105.

**COUNT XII — UNCONSCIONABLE CONTRACT AND DURESS (Against Tampa General Hospital / Florida Health Sciences Center, Inc.; Hernando County Emergency Physicians)**

116. Petitioner re-alleges paragraphs 1 through 50 as if fully set forth herein.

117. The financial agreement signed by Petitioner as a condition of receiving emergency medical treatment at Bravera Health was procured through economic duress in that Petitioner was required to sign and provide payment

information before being seen by medical personnel, had no meaningful ability to negotiate terms, had no alternative means of obtaining emergency medical care, and was in a condition of physical distress removing any reasonable ability to exercise free will in contracting.

118. Under Florida contract law, a contract procured through duress is voidable at the election of the party who was under duress. Additionally, a contract that imposes unconscionable terms on a party in a position of unequal bargaining power, particularly in the context of emergency medical treatment, is unenforceable under Florida common law.

119. The alleged obligation of $8,862, representing a fifteen-fold increase from the initial $600 demand within sixty days, without explanation, accounting, or authentic itemization, is itself evidence of unconscionable terms that cannot be enforced.

120. Furthermore, Bravera Health's failure to provide Petitioner with information about available financial assistance programs, and its subsequent representation that it was "too late" to apply when Petitioner inquired, rendered any financial agreement void for failure to comply with the mandatory disclosure requirements of 26 U.S.C. § 501(r)(4) and the consumer protection requirements of Fla. Stat. § 501.204.

121. WHEREFORE, Petitioner respectfully requests that this Court declare any financial agreement signed by Petitioner as a condition of treatment at Bravera Health void and unenforceable for duress and unconscionability, order

rescission of any obligation arising from such agreement, and award Petitioner actual and punitive damages for the wrongful enforcement of a void contract.

**COUNT XIII — ABUSE OF PROCESS (Against Respondents LOTANE & ASSOCIATES, P.A and its individual attorneys of record; Judge Hitzemann)**

122. Petitioner re-alleges paragraphs 1 through 50 as if fully set forth herein.

123. Abuse of process involves the use of criminal or civil legal process against another primarily to accomplish a purpose for which it was not designed. For the cause of action to exist there must be a use of process for an immediate purpose other than that for which it was designed. Bothmann v. Harrington, 458 So. 2d 1163, 1169 (Fla. 3d DCA 1984).

124. Legal malice is presumed to exist if the plaintiff establishes that process has been used for an improper purpose. Legal malice generally means deliberate conduct without reasonable cause. Adams v. Whitfield, 290 So. 2d 49 (Fla. 1974); Bothmann v. Harrington, 458 So. 2d 1163 (Fla. 3d DCA 1984).

125. Respondents used the civil legal process in case number 23000839CCAXMX for the following improper purposes, each of which constitutes a use of process for an immediate purpose other than that for which it was designed:

a. To obtain a summary judgment against Petitioner without producing chain of evidence, authenticated ownership, or any evidentiary basis for the claimed obligation, using judicial process not to adjudicate a legitimate claim but to obtain a coercive enforcement tool through procedural manipulation;

b. To use the threat of judgment enforcement, including wage garnishment, bank account levy, and asset seizure, to compel payment of an unverified alleged debt that Respondents could not establish through legitimate evidentiary means, thereby using legal process as a debt collection mechanism rather than a dispute resolution mechanism;

c. To impair Petitioner's ability to receive transfers of real property through the coercive effect of a threatened judgment lien, as evidenced by a family member's decision to decline a property transfer due to the collection threats; using legal process to achieve a property-related result not sought in the pleadings;

d. Respondent Judge Hitzemann systematically denied Petitioner's Motions to Strike, Motions to Disqualify, and Motions to Vacate without hearing and without substantive engagement with the jurisdictional and constitutional arguments raised, using judicial authority to suppress Petitioner's legitimate defenses rather than to resolve them, for the purpose of advancing the collection plaintiff's unverified claims through the judicial process for which that authority was not designed.

126. As a direct and proximate result of Respondents' abuse of process, Petitioner suffered actual damages including a void or defective judgment enforceable against Petitioner, loss of real property transfer opportunity, damage to creditworthiness, emotional distress, reputational harm, and financial hardship.

127. WHEREFORE, Petitioner respectfully requests that this Court enter judgment against Respondents and award Petitioner actual damages and punitive damages for abuse of process pursuant to Bothmann v. Harrington, Adams v. Whitfield, Cox v. Burke, and Tramel v. Bass, and such further relief as this Court deems just and proper.

**COUNT XIV — MALICIOUS PROSECUTION (Against Respondents LOTANE & ASSOCIATES, P.A and its individual attorneys of record)**

128. Petitioner re-alleges paragraphs 1 through 50 as if fully set forth herein.

129. Malicious prosecution under Florida common law requires: commencement of a civil proceeding, at the instigation of the defendant, without probable cause, with malice, that terminated in Petitioner's favor or is otherwise void. Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352 (Fla. 1994).

130. Respondents commenced the underlying civil proceeding against Petitioner purportedly to collect an alleged debt.

131. Malice is established through two independent grounds. First, under Adams v. Whitfield, 290 So. 2d 49, 51 (Fla. 1974), legal malice may be inferred entirely from a lack of probable cause, which is established by the complete absence of chain of evidence at the time of filing. Second, the scheme was malicious, sentient, planned, and deliberate within the meaning of Cox v. Burke, 706 So. 2d 43, 47 (Fla. 5th DCA 1998) and Tramel v. Bass, 672 So. 2d 78, 85 (Fla. 1st Dist. 1996), as evidenced by the coordinated conduct of multiple entities

pursuing collection simultaneously without standing and the systematic denial of Petitioner's constitutional challenges without hearing.

132. The proceeding terminated in Petitioner's favor within the meaning of this claim as follows: the Summary Judgment of $9,832.97 was obtained without authenticated chain of evidence and without compliance with the § 501(r) extraordinary collection action requirements, rendering it a product of the wrongful proceeding itself rather than a valid adjudication. A proceeding that is fundamentally defective from commencement due to absence of standing and failure to comply with mandatory pre-suit requirements does not produce a valid termination on the merits capable of barring a malicious prosecution claim. The Merchants Credit Guide tradeline was disputed and deleted on March 28, 2024, confirming that portion of the alleged obligation was unverifiable at the time of collection.

133. As a direct and proximate result of Respondents' malicious prosecution, Petitioner has suffered actual damages including loss of real property transfer opportunity, damage to creditworthiness, emotional distress, reputational harm, and financial hardship.

134. Respondents' conduct warrants punitive damages. Under Adams v. Whitfield, 290 So. 2d 49, 51 (Fla. 1974), punitive damages may be awarded based on legal malice inferred from lack of probable cause and from gross negligence indicating a wanton disregard for the rights of others, a standard satisfied by the institution of collection proceedings without chain of evidence, the procurement

of summary judgment without authenticated accounting, and the coordination of multiple entities pursuing the same unverified obligations simultaneously.

135. WHEREFORE, Petitioner respectfully requests that this Court enter judgment against Respondents and award Petitioner actual damages and punitive damages for malicious prosecution, and such further relief as the Court deems just and proper.

**COUNT XV — COMMON LAW FRAUD (Against Respondents LOTANE & ASSOCIATES, P.A; Tampa General Hospital / Florida Health Sciences Center, Inc.; Hernando County Emergency Physicians; Professional Account Services; Merchants Credit Guide Company)**

136. Petitioner re-alleges the preceding factual paragraphs as if fully set forth herein.

137. Common law fraud under Florida law requires: a false statement of material fact, knowledge by the defendant that the statement was false at the time made, intent to induce reliance, justifiable reliance by the plaintiff, and resulting damages. Johnson v. Davis, 480 So. 2d 625 (Fla. 1985).

138. Respondents made the following false statements of material fact:

a. PROFESSIONAL ACCOUNT SERVICES, INC. — False Representations of Amount Owed: By letter dated June 28, 2022, PASI represented that Petitioner owed $5,314.46 on the alleged Bravera obligation, crediting $4,714.46 to demand $600. By letter dated December 2, 2022, PASI represented that Petitioner owed $32,822.67 on the same alleged obligation,

crediting $23,960.55 to demand $8,862.12. By letter dated March 10, 2023, PASI represented that Petitioner owed $9,462.12 on the same alleged obligation. These representations are irreconcilably contradictory, the same obligation cannot simultaneously be $600, $32,822, and $9,462. At least two of these representations were necessarily false at the time they were made. PASI knew or recklessly disregarded the falsity of each representation at the time it was made, as each letter was generated from PASI's own records;

b. LOTANE & ASSOCIATES — False Representation of Standing to Sue: By filing the underlying civil action in case number 23000839CCAXMX on behalf of Tampa General Hospital / Bravera Health and Hernando County Emergency Physicians, Respondent Lotane represented that he had standing to institute the collection action. This representation was false. Lotane possessed no chain of evidence, no authenticated accounting, and no board-authorized agency establishing standing at commencement for either the $600 or $8,862 alleged obligations. Petitioner raised this defect before the court and it was denied without hearing;

c. MERCHANTS CREDIT GUIDE COMPANY — False Representation of Right to Collect After Identity Theft Notice: By letters dated December 15, 2023, January 26, 2024, and March 20, 2024, Merchants Credit Guide represented that it had the right to collect the alleged $1,667 Hernando County Emergency Physicians debt. These representations were false. At the time each letter was sent, Merchants had received actual notice of

Petitioner's identity theft reports. The representation that a valid, collectible debt existed notwithstanding the pending identity theft dispute was false at the time it was made. Merchants knew it had received identity theft notice, it acknowledged the notice in each letter, yet continued to represent the debt as valid and collectible.

139. Each false representation identified above was made with knowledge of its falsity or with reckless disregard for the truth, satisfying the scienter element under Johnson v. Davis, 480 So. 2d 625 (Fla. 1985). As established in Adams v. Whitfield, 290 So. 2d 49, 51 (Fla. 1974), legal malice may be inferred from lack of probable cause and from deliberate conduct without reasonable cause, both of which are established by the documented pattern of representations made without chain of evidence, authenticated ownership, or valid standing.

140. Each false representation was made with the intent to induce Petitioner to pay the alleged debt, to refrain from disputing it, or to acquiesce in collection proceedings and any resulting judgment.

141. Petitioner suffered the following damages as a direct and proximate result of Respondents' fraudulent representations: entry of a judgment obtained through false representations of standing; loss of a real property transfer opportunity as a result of threats of judgment enforcement communicated in connection with collection proceedings; damage to creditworthiness; emotional distress; reputational harm; and financial hardship, all in amounts to be determined at trial.

142. Respondents fraudulent conduct was deliberate, planned, and sentient entitling Petitioner to punitive damages. Under Adams v. Whitfield, 290 So. 2d 49, 51 (Fla. 1974), punitive damages may be awarded based upon legal malice which may be inferred from gross negligence indicating a wanton disregard for the rights of others, a standard satisfied by the documented pattern of false representations made without chain of evidence across multiple entities and multiple years.

143. WHEREFORE, Petitioner respectfully requests that this Court enter judgment against Respondents and award Petitioner actual damages, punitive damages pursuant to Adams v. Whitfield and the Florida common law of fraud, and such further relief as this Court deems just and proper.

## VI. HARM SUFFERED

144. As a direct and proximate result of the acts and omissions of all Respondents, Petitioner has suffered the following harms:

a. Unlawful debt collection action prosecuted without verified standing, board-authorized agency, or authenticated accounting;

b. Entry of a summary judgment of $9,832.97 enforceable against Petitioner without adequate evidentiary support;

c. Denial of constitutional right to an impartial tribunal and meaningful opportunity to be heard;

d. Suppression of valid jurisdictional and constitutional defenses by a biased judicial officer across three separate cases;

e. Collection activity continuing after receipt of identity theft reports;

f. Inaccurate negative credit reporting of medical debt without high balance and following identity theft report filing;

g. Failure by consumer reporting agencies to conduct reasonable reinvestigation of disputed information and to block reporting following identity theft notice;

h. Denial of access to credit and financing directly resulting from inaccurate reporting;

i. Loss of real property transfer opportunity due to threats of legal action and asset seizure;

j. Reputational harm and defamation through publication of false financial information to third parties;

k. Emotional distress, financial hardship, loss of economic opportunity, and impairment of business operations.

l. Violations of the Florida Consumer Collection Practices Act through harassment, assertion of nonexistent collection rights, and unauthorized communications in connection with unvalidated alleged debts.

## VII. PRAYER FOR RELIEF

145. WHEREFORE, Petitioner respectfully requests that this Court grant the following relief:

a. Declare that Lotane & Associates, P.A & Troy R. Lotane lacked verified standing and board-authorized agency to institute case number

23000839CCAXMX, and that the summary judgment entered therein is subject to collateral challenge for lack of evidentiary and constitutional support;

b. Issue a permanent injunction prohibiting further collection activity by LOTANE & ASSOCIATES, P.A and its individual attorneys of record, Tampa General Hospital / Florida Health Sciences Center, Inc, Hernando County Emergency Physicians, Professional Account Services, Merchants Credit Guide Company, and any future parties, against Petitioner on the alleged debt;

c. Order Tampa General Hospital / Florida Health Sciences Center, Inc. and Hernando County Emergency Physicians to provide full debt validation including authenticated accounting and chain of assignment, or immediately cease all collection activity and negative credit reporting;

d. Order TransUnion, Equifax, and Experian to immediately delete all negative information furnished by collection Respondents in connection with the disputed medical debts, including correction of all inaccurate tradeline data identified in this complaint;

e. Award Petitioner actual damages against all Respondents in an amount to be determined at trial;

f. Award Petitioner statutory damages of $1,000 per Respondent per action under 15 U.S.C. § 1692k(a)(2)(A);

g. Award Petitioner statutory damages of not less than $100 and not more than $1,000 per willful violation per Respondent under 15 U.S.C. § 1681n;

h. Award Petitioner treble damages pursuant to 18 U.S.C. § 1964(c) for RICO violations;

i. Award Petitioner punitive damages for willful violations of the FDCPA, FCRA, and Petitioner's civil rights;

j. Award Petitioner reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), 15 U.S.C. § 1681n(a)(3), and 18 U.S.C. § 1964(c);

k. Refer collection Respondents to the Department of Justice for investigation of potential violations of 18 U.S.C. § 1341, 18 U.S.C. § 241, and 18 U.S.C. § 242;

l. Order Respondent Judge Kurt E. Hitzemann to produce his oath of office, certificate of appointment, surety bond, bond number, bond amount, and the identity of the surety company authorized to receive claims against him in his judicial capacity, pursuant to the inherent equitable powers of this Court and 28 U.S.C. § 1651.

m. Refer Tampa General Hospital / Florida Health Sciences Center, Inc. to the Internal Revenue Service for investigation of potential violations of 26 U.S.C. § 501(r) arising from the institution of extraordinary collection action against Petitioner without making reasonable efforts to determine financial assistance eligibility or providing written notice of financial assistance policies as required prior to filing suit;

n. Award Petitioner statutory damages pursuant to Fla. Stat. § 559.77(2) for willful violations of the Florida Consumer Collection Practices Act by each collection Respondent;

o. Grant any further relief this Court deems just, equitable, and proper.

Respectfully Submitted,

/s/ David Battle
David D. Battle, Jr.
855 Josephine Street
Brooksville, Florida 34601
Tel: 813-563-7090
Davidbattle1225@gmail.com
Petitioner, Pro Se
August 9, 2026

## CERTIFICATE OF SERVICE

I, David D. Battle, Jr., hereby certify that on ___August 9, 2026___, a true and correct copy of the foregoing filing, was served upon each Respondent at the address listed below via U.S. Marshal, United States Certified Mail, First Class, postage prepaid, return receipt requested, or via the Court's CM/ECF electronic filing system where counsel has appeared.

1. TAMPA GENERAL HOSPITAL / FLORIDA HEALTH SCIENCES CENTER, INC.
   Respondent — Successor Entity to Bravera Health
   One Tampa General Circle
   Tampa, FL 33606

2. HERNANDO COUNTY EMERGENCY PHYSICIANS
   Respondent
   298 S Yonge Street
   Ormond Beach, FL 32174

3. PROFESSIONAL ACCOUNT SERVICES, INC.
   Respondent — Debt Collector
   4000 Meridian Blvd., PASI, 1st Floor
   Franklin, TN 37067
   Registered Agent: Corporation Service Company
   1201 Hays Street
   Tallahassee, FL 32301

4. MERCHANTS CREDIT GUIDE COMPANY
   Respondent — Debt Collector
   209 S LaSalle St, Suite 900
   Chicago, IL 60604
   Registered Agent: NRAI Services, Inc.
   1200 South Pine Island Road
   Plantation, FL 33324

5. TROY R. LOTANE
   Respondent — Collection Attorney
   1980 Michigan Avenue
   Cocoa, Florida 32922
   service@lotane.com

6. LOTANE & ASSOCIATES
   Respondent — Debt Collector

1980 Michigan Avenue
Cocoa, Florida 32922
service@lotane.com

7. JUDGE KURT E. HITZEMANN
Respondent — Judicial Officer, Hernando County, Florida (Individual and Official Capacity)
Hernando County Courthouse
20 N. Main Street
Brooksville, FL 34601

8. TRANS UNION LLC
Respondent — Consumer Reporting Agency
P.O. Box 2000
Chester, PA 19016
Registered Agent: Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

9. EQUIFAX INFORMATION SERVICES, LLC
Respondent — Consumer Reporting Agency
1550 Peachtree Street NW
Atlanta, GA 30309
Registered Agent: Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

10. EXPERIAN INFORMATION SOLUTIONS, INC.
Respondent — Consumer Reporting Agency
475 Anton Blvd.
Costa Mesa, CA 92626
Registered Agent: C T Corporation System
1200 South Pine Island Road
Plantation, FL 33324

Respectfully Submitted,

/s/ David Battle
David D. Battle, Jr.
855 Josephine Street
Brooksville, Florida [34601]
Tel: 813-563-7090
Davidbattle1225@gmail.com